UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ioulia Kourtis,
     Claimant

     v.

Andrew Saul, Commissioner,
Social Security Administration,
     Defendant

Case No. 18-cv-926-SM
Opinion No. 2019 DNH 206

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Ioulia Kourtis, seeks judicial review of denial of her claim for disability insurance benefits.  The Commissioner of the Social Security Administration has moved to dismiss the claimant's complaint as untimely.  Fed. R. of Civil Procedure 12(b)(6).  Claimant has not filed any response to the Commissioner's motion.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010).  Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

**Background**

Claimant filed an application for disability insurance benefits on June 24, 2016. That application was denied on August 16, 2017, and claimant requested a hearing before an Administrative Law Judge ("ALJ"). On November 28, 2017, claimant, her attorney, an impartial medical expert, and an impartial vocational expert appeared before an ALJ, who considered claimant's application de novo. On December 26, 2017, the ALJ issued a written decision, concluding that claimant was not disabled, as that term is defined in the Act, through the date of the decision.

Claimant then requested review by the Appeals Council. On July 31, 2018, the Appeals Council denied claimant's request for review, finding no reason to review the ALJ's decision. Accordingly, the ALJ's denial of claimant's application for benefits became the final decision of the Commissioner, subject to judicial review. On October 10, 2018, claimant filed an action in this court.

**Discussion**

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow."  The applicable regulations provide that claimant "is presumed to have received such notice within '[[five] days after the date of such notice, unless there is a reasonable showing to the contrary.'" Bean v. Colvin, No. 2:16-CV-00174-JDL, 2016 WL 6684201, at *1 (D. Me. Nov. 14, 2016), rept. & recommendation adopted, No. 2:16-CV-00174-JDL, 2016 WL 7335589 (D. Me. Dec. 16, 2016) (quoting 20 C.F.R. § 422.210(c)).  "Accordingly, absent an extension by the Appeals Council predicated 'upon a showing of good cause,' a claimant has 65 days from the date of the commissioner's final decision to commence a timely action for review of that decision."  Id. (quoting 20 C.F.R. § 422.210(c)).

Claimant received notice of the deadline by the July 31, 2018, Notice of Appeals Council Action.  That Notice informed claimant of the right to judicial review, and that any request for such review must be filed within 60 days after receipt of the Notice.  The Notice further stated:

> The 60 days start the day you receive this letter.  We assume you received this letter 5 days after the date

3

> on it unless you show us that you did not receive it within the 5-day period.

Admin. Rec. at 2. Accordingly, claimant is presumed to have received the Notice on August 5, 2018, and was required to commence a civil action by October 2, 2018. Instead, claimant filed six days later, on October 10, 2018.

As previously mentioned, claimant has not filed any response to the Commissioner's motion to dismiss. There is nothing in the record that suggests that she did not receive the Notice, nor is any other explanation or justification for her late filing apparent. Given those circumstances, the Commissioner's motion to dismiss is necessarily granted.

## Conclusion

For the foregoing reasons, as well as those set forth in the Commissioner's legal memorandum, the Commissioner's motion to dismiss (document no. 7) is granted. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 9, 2019

cc: All counsel of record

4